Jose Godinez **YEPEZ,** aka Jose Jodinez Yepez, Petitioner,

v.

John **ASHCROFT,** Attorney General, Respondent.

No. 02–71039.
INS No. A76–860–058.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2003.*

Decided June 16, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

**830**

Before GRABER, WARDLAW, and CLIFTON, Circuit Judges.

MEMORANDUM **

An immigration judge denied Petitioner Jose Godinez Yepez' requests for asylum, for restriction on removal, and for cancellation of removal, but granted his request for voluntary departure. Petitioner appealed to the BIA. While his appeal was pending, Petitioner asked the BIA to remand his case to the immigration judge so that he could apply for adjustment of status under the Legal Immigration Family Equity Act, Pub.L. No. 106–553, tit. XI, 114 Stat. 2762, 2762–142 (2000) ("LIFE Act"). The BIA denied the request and otherwise affirmed the immigration judge.

The Immigration and Naturalization Service has promulgated regulations that describe the procedure by which aliens who are in deportation, removal, or exclusion proceedings may seek LIFE Act relief. 8 C.F.R. § 245a.12(b)(1) (2002). Petitioner does not explain how that procedure runs afoul of the Fifth Amendment's protections. Nor has he explained why he failed to comply with the procedure contained in the regulations. Further, the regulations state that Petitioner still could have applied for adjustment of status under the LIFE Act after the BIA rejected his appeal. *Id.* § 245a.12(b)(3). The BIA's decision to deny Petitioner's motion to remand was dated April 3, 2002, yet Petitioner's time to apply for LIFE Act relief did not expire until May 31, 2002. *Id.* § 245a.12(a). Thus, Petitioner's argument that the BIA's denial of his motion to remand somehow cut short the period of time for applying for LIFE Act relief is unavailing. Because the BIA did not deny Petitioner due process of law, his petition is DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

